IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br><br>          vs.<br><br><br>  BLAIN DEE BARNETT,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br><br>Case No. 1:05-CR-102 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. The Court has consulted with the probation office and reviewed the entire record. The government has not filed an objection.

BACKGROUND

On December 13, 2005, Defendant pleaded guilty to two counts of embezzlement of labor union assets in violation of 29 U.S.C. § 501(c). Defendant was sentenced on May 23, 2006, to 21 months custody followed by 36 months supervised release and was ordered to pay a special assessment fee and $17,710 in restitution. Judgment was entered on June 1, 2006. Defendant was released from the custody of the Bureau of

Prisons and, on October 21, 2008, began his 36-month term of supervised release.

DISCUSSION

If a defendant has completed at least one year of supervised release, § 3583(e) permits the Court to terminate supervised release prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[1]  In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2]

The Court has considered these factors, has reviewed the docket and case file, and has consulted with Defendant's supervising probation officer.  The Court finds as follows: Defendant has been fully compliant with all the terms of his supervised release and directives of the probation office.  He is making payments on his restitution.  If supervised release is terminated, those payments will continue to be made automatically.  The government's attorney has been notified, has had a reasonable opportunity to object, and has not filed an objection.  Accordingly, no hearing is required.[3]

Based on these findings and on consideration of the applicable § 3553(a) factors, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and is in the interest of justice.

---

[1] 18 U.S.C. § 3583(e).

[2] *Id*. (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

[3] Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.").

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 24) is GRANTED; it is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

SO ORDERED.

DATED this 29th day of January, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge